IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

TERRY JONES,                                                                                            PLAINTIFF

vs.                                         Case No. 1:10CV0010 JMM

BARBARA BILLINGSLEY                                           DEFENDANT

**ORDER**

Plaintiff Terry Jones, who is proceeding *pro se*, brings this action against his ex-wife seeking to set aside a judgment rendered in state court against him based upon child support payments owed to his ex-wife. Plaintiff seeks leave to proceed *in forma pauperis*.

There is a two-step process to be followed by the district court in considering whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis*. *See Martin-Trigona v. Stewart,* 691 F.2d 856 (8th Cir. 1982). First there is a determination of whether the plaintiff qualifies by economic status under 28 U.S.C. § 1915(a). If he does, the complaint is permitted to be filed. *Id*. Second, assuming the allegation of poverty is not untrue, a determination is made under § 1915(e)(2)(B) whether the cause of action stated in the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If so, the complaint is to be dismissed. *Id.*[1]

---

[1] In *Martin-Trigona,* the Eighth Circuit noted that "[s]ome courts have blurred the distinction between § 1915(a) and § 1915[(e)(2)(B)] by approving the practice of denying leave to proceed *in forma pauperis* on the ground that the complaint is frivolous or malicious." 691 F.2d at 857. The Court stated, however, that [t]he practice observed by most courts is to consider only the petitioner's economic status in making the decision whether to grant leave to proceed in forma pauperis" and that "[o]nce leave has been granted, the complaint should be filed and the court should consider whether to dismiss pursuant to § 1915 [(e)(2)(B)]." *Id. See also Haugen v. Sutherlin*, 804 F.2d 490, 491 n.2 (8th Cir. 1986)(the court may certify that the plaintiff may proceed in forma pauperis, assuming verification that the plaintiff is a pauper, and may allow plaintiff to file the complaint without paying a filing fee; however, before requiring service of process on the defendant(s), the court should evaluate the complaint to determine if it is frivolous on its face and, if so, it should be dismissed).

Because it appears that plaintiff's economic situation qualifies him for *in forma pauperis* status, the Court hereby grants plaintiff's application to proceed.

The Court now turns to the determination of whether, pursuant to § 1915(e)(2)(B), this action should be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous if it "describ[es} fantastic or delusional scenarios," the factual contentions are "clearly baseless," or there is no rational basis in law. *Neitzke v. Williams,* 490 U.S. 319, 327-29 (1989). A court may dismiss such a complaint before service of process and without leave to amend. *Christiansen v. Clarke,* 147 F.3d 655, 658 (8th Cir.), *cert. denied,* 525 U.S. 1023 (1998). *See also Higgins v. Carpenter,* 258 F.3d 797, 800 (8th Cir. 2001), *cert. denied sub nom. Early v. Harmon,* 535 U.S. 1040 (2002).

**Analysis**

The Circuit Court of Independence County entered judgment against plaintiff in favor of defendant on October 6, 2003, in the sum of $15,908.60 with a rate of 10% interest until paid. Plaintiff was also assessed attorney's fees of $1,500.00. Plaintiff appealed this order the Arkansas Supreme Court which affirmed the lower court decision on September 9, 2005.
Plaintiff seeks reimbursement of all child support payments from his ex-wife and to set aside the state court judgment.

Plaintiff alleges that his only source of income since February 1, 1989, is his SSI benefits which he contends are not subject to collection for child support payments.

**Discussion**

Federal courts must determine whether they have jurisdiction before proceeding to the merits of a claim. *See Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94-95, 118 S.Ct.

1003, 140 L.Ed.2d 210 (1998). The judicial power of the federal courts extends to certain types of cases, identified either by subject matter or parties. The subject-matter categories of jurisdiction include federal questions which are controversies arising under the "Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. The party-based categories of jurisdiction include what might be called ordinary diversity and include controversies exceeding the sum of $75,000.00 "between . . . citizens of different States." *See* 28 U.S.C. § 1332.

Plaintiff's case does not fit into any of these categories resulting in this Court not having jurisdiction over plaintiff's complaint. Moreover, the *Rooker-Feldman* doctrine would prevent this courts from exercising jurisdiction over plaintiff's case as he is attempting to challenge a state court judgment rendered before the proceedings in this case commenced. *See Lance v. Dennis*, 546 U.S. 459, 463, 126 S.Ct. 1198, 1201 (2006).

**Conclusion**

Plaintiff's application to proceed *in forma pauperis* is hereby granted (#1).

IT IS FURTHER ORDERED that the Clerk shall not issue process or cause process to issue upon the complaint because this Court does not have jurisdiction over plaintiff's compliant and the complaint is dismissed. Judgment will be entered accordingly. Plaintiff's Motion to Appoint Counsel is denied (#3).

DATED this   5   day of March 2010.

James M. Moody
United States District Judge